UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Andrew Brown,

    Plaintiff,

    v.

Pennsylvania Higher
Education Assistance Agency,

    Defendant.

Case No. 2:25-cv-1482

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Andrew Brown ("Plaintiff"), proceeding without the assistance of counsel, sues the Pennsylvania Higher Education Assistance Agency ("PHEAA") under the Fair Debt Collection Practices Act ("FDCPA"). Compl., ECF No. 2. He also moves for a "stay of debt." Mot., ECF No. 7.

PHEAA argues that the Complaint fails to state a claim for relief against it because PHEAA is not a "debt collector" for purposes of the FDCPA. Mot., ECF No. 8. PHEAA attached exhibits and an affidavit to its motion, asking the Court to convert the motion into one for summary judgment if necessary to resolve the issue. *Id.* at 1. The Court did so. Op. and Order, ECF No. 12. Thereafter, PHEAA submitted a second affidavit, and Plaintiff responded to the same. Morrison Aff., ECF No. 13; Resp., ECF No. 14. For the following reasons, the Court concludes that PHEAA is entitled to summary judgment.

## I.     FACTS

The following facts[1] are taken from Plaintiff's Complaint.  Plaintiff obtained student loans approximately twenty to twenty-five years ago to assist with the cost of attending DeVry University.  Compl. ¶ 2, ECF No. 2.  Those loans are subject to an account with PHEAA.  *Id.*  Plaintiff is unable to repay the debt and contests the validity of the debt.  *Id.* ¶ 3.  Despite Plaintiff's attempts to communicate the invalidity of the debt to PHEAA, PHEAA continues to pursue repayment of the debt.  *Id.* ¶¶ 13–14.  Plaintiff seeks injunctive relief.  *See generally* Compl., ECF No. 2.

## II.     STANDARD OF REVIEW

The standard governing summary judgment is set forth in Federal Rule of Civil Procedure 56(a): "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

The Court must grant summary judgment if the opposing party "fails to make a showing sufficient to establish the existence of an element essential to that party's case" and "on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  When reviewing a summary judgment motion, the Court must draw all reasonable inferences in favor of the

---

[1] Other facts, like that Plaintiff suffered a skull injury in his hotel room in Brazil or that the Chinese Government agreed to assume his student-loan debt, *see* Compl. ¶¶ 14, 15, ECF No. 2, are unimportant to the pending motion.

nonmoving party, who must set forth specific facts showing there is a genuine dispute of material fact for trial, and the Court must refrain from making credibility determinations or weighing the evidence. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49, 255 (1986). The Court disregards "all evidence favorable to the moving party that the jury would not be required to believe." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 151 (2000) (citation omitted). Summary judgment will "not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248 (internal citations and quotation marks omitted).

The Court is not "obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). The Court may rely on the parties to call attention to the specific portions of the record that demonstrate a genuine issue of material fact. *Wells Fargo Bank, N.A. v. LaSalle Bank N.A.*, 643 F. Supp. 2d 1014, 1022 (S.D. Ohio 2009).

### III.    ANALYSIS

The FDCPA prohibits certain actions by "debt collectors," who the statute defines as, in pertinent part, "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect,

directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

The FDCPA specifically excludes from the definition of "debt collector," though, "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement[.]" *Id.* § 1692a(6)(F). It is this "fiduciary exception" that is at issue.

As explained below, guaranty agencies collecting debt on behalf of the United States Department of Education under the Federal Family Education Loan Program ("FFELP") satisfy that fiduciary exception, and PHEAA was acting as a guaranty agency in this case such that it was not a debt collector under the FDCPA.

Under the FFELP, "lenders make guaranteed loans under favorable terms to students and their parents, and these loans are guaranteed by guaranty agencies and ultimately by the federal government." *Darrisaw v. Penn. Higher Educ. Assistance Agency*, 949 F.3d 1302, 1305–08 (11th Cir. 2020) (internal quotations marks and citations omitted)). PHEAA is one such guaranty agency. *Donohue v. Regional Adjustment Bureau, Inc.*, Civ. A. No. 12-1460, 2013 WL 607853, at *7 (E.D. Penn. Feb. 19, 2013) (citation modified); *see also* 24 Pa. Stat. Ann. §§ 5102–04.

Upon paying private lenders on a defaulted loan, guaranty agencies, such as PHEAA, are reimbursed by the Secretary of the Department of Education.

*Darrisaw*, 949 F.3d at 1305 (citing 34 C.F.R. § 682.100(b)(1); 20 U.S.C. § 1078(c)(1)(A)). The guaranty agency then attempts to collect the unpaid debt from the borrower "on behalf of the Secretary." *Id.* (citing 34 C.F.R. § 682.410(b)(6)(i); 20 U.S.C. §§ 1078(c)(2)(A), (c)(6)). When doing so, the guaranty agency must act as a fiduciary for the Secretary. *Id.* (citing 34 C.F.R. § 682.419(a)).

Given the fiduciary obligations that PHEAA (as a guaranty agency) owes the Secretary, multiple courts have concluded that, where PHEAA attempts to collect debts as a guarantor for the Department of Education, PHEAA satisfies the fiduciary exception to FDCPA's definition of "debt collector" such that it is not a "debt collector" for purposes of the statute. *Darrisaw*, 949 F.3d at 1305–08 (affirming dismissal because the Complaint did not "allege facts plausibly establishing" that PHEAA qualified as a debt collector); *Keller v. GC Servs., L.P.*, No. 13-cv-1654, 2013 WL 3213338, at *4 (E.D. Penn. June 26, 2013) ("Hence, PHEAA is not a debt collector under the FDCPA, rendering that statute immaterial." (citation omitted)); *Donohue*, 2013 WL 607853, at *6 ("I find that PHEAA is not a debt collector under the Act because it falls into one of the enumerated exclusions, namely, that PHEAA was attempting to collect a debt incidental to a bona fide fiduciary obligation." (citing 15 U.S.C. § 1692a(6)(F)(i)).

Courts have held the same regarding other guaranty agencies. *E.g.*, *Lima v. U.S. Dep't of Educ.*, 947 F.3d 1122, 1126–27 (9th Cir. 2020) (concluding that guaranty agency satisfied FDCPA's fiduciary exception to the definition of "debt

collector"); *Rowe v. Educ. Credit Mgmt. Corp.*, 730 F. Supp. 2d 1285, 1288–89 (D. Or. 2010) (same); *Seals v. Nat'l Student Loan Program*, Civ. A. No. 5:02 CV 101, 2004 WL 3314948, at *4 (N.D. W. Va. Aug. 16, 2004) (same), *aff'd* 124 F. App'x 182 (4th Cir. 2005).

The only question, then, is whether there exists a genuine dispute of material fact regarding whether PHEAA was acting as a guaranty agency here. There is none.

The loan documents and Aaron Morrison's second affidavit show that, in 2005, Plaintiff completed a Federal Consolidation Loan Application and Promissory Note in connection with FFELP.  Mot. Ex. A, ECF No. 8-1 at PAGEID ## 29–37; Morrison Aff. ¶ 4, ECF No. 13.  In doing so, Plaintiff sought to consolidate Direct Subsidized Stafford/Ford Loans and Direct Unsubsidized Stafford/Ford Loans, all of which were held by the United States Department of Education.  Mot. Ex. A, ECF No. 8-1 at PAGEID ## 30, 34.

Certain disclosure statements then became a part of the Note.  Mot. Ex. A, ECF No. 8-1 at PAGEID ## 38–41; Morrison Aff. ¶¶ 7–8, ECF No. 13.  Those disclosure statements establish that PHEAA guaranteed the at-issue consolidated loans for the United States Department of Education.  Mot. Ex. B, ECF No. 8-1 at PAGEID ## 38–41; *see also* Morrison Aff. ¶ 9, ECF No. 13 ("PHEAA served as the guarantor of Brown's obligations under the Consolidation Loan.").  Indeed, that PHEAA acted as a guarantor during the at-issue debt collection efforts is also supported by the letter Plaintiff attached to his Complaint.

Case No. 2:25-cv-1482

Compl. Ex. 1, ECF No. 2 at PAGEID # 5 ("Pennsylvania Higher Education Assistance Agency (PHEAA), acting as a guarantor on behalf of the U.S. Department of Education . . . ."); Morrison Aff. ¶¶ 15–21, ECF No. 13 (explaining that the letter corresponded to this loan); *See also* ECF No. 13-1 at PAGEID ## 71–75.

The Court invited Plaintiff to submit any evidence in his possession that the submitted disclosure statements correlated to a different loan "or that PHEAA was not acting as a guaranty agency in connection with the challenged collection effort." Op. and Order 2, ECF No. 12.  Although Plaintiff responded to Morrison's second affidavit, he did not raise a genuine dispute of material fact regarding PHEAA's status as a guaranty agency.  Instead, Plaintiff's response repeats his prior assertion that he suffered a skull injury in Brazil and notes that he wishes to hold PHEAA liable for that injury as a joint tortfeasor.  Resp. 1–2, ECF No. 14. He asserts that he has raised a federal question in this lawsuit and repeats that the debt is invalid.  *Id.*  Plaintiff also argues that Morrison's affidavits should be stricken because they contain the sentence, "further affiant sayeth naught," which Plaintiff argues is not English and therefore voids the affidavits.  *Id.* at 2–3. Plaintiff next references perceived deficiencies in the consolidation note, but he does not actually contest the note's authenticity or the fact that PHEAA's collection efforts concerned that note.  *Id.* at 3–4.  Finally, Plaintiff repeats that the debt is "Chinese debt" and suggests that PHEAA's motion was prematurely filed.  *Id.* at 4.

Plaintiff's response is insufficient to create a genuine dispute of material fact.  Thus, because PHEAA was collecting the debt incidental to its bona fide fiduciary obligation to the Department of Education, it was not a "debt collector" as that term is defined in the FDCPA.  Plaintiff's FDCPA claim fails, and the Court **GRANTS** summary judgment to PHEAA and dismisses the FDCPA claim **WITH PREJUDICE**.  As such, the Court necessarily **DENIES** as moot Plaintiff's motion to stay the debt.  The Clerk shall enter judgment for PHEAA and terminate this case.

**IT IS SO ORDERED.**

_____
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**